UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS WOLFE,

    Petitioner,

v.

BRUCE DAVIS, et al.,

    Respondents.

Civ. No. 18-15259 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is a state prisoner currently incarcerated at New Jersey State Prison. He is proceeding with a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondents' motion to dismiss the Petition as untimely. Petitioner did not file an opposition.[1] For the reasons set forth below, the Court will grant Respondents' motion and dismiss the Petition with prejudice.

## I.    BACKGROUND

    On October 31, 1991, the trial court sentenced Petitioner to an aggregate term of life imprisonment plus twenty years, with a total of thirty-seven years without parole, for murder and related charges. *State v. Wolfe*, No. A-4256-14T4, 2017 WL 745770, at *1 (N.J. Super. Ct. App. Div. Feb. 27, 2017). He filed a notice of appeal with the New Jersey Superior Court, Appellate Division, on March 30, 1992, and that court affirmed on December 8, 1994. *Id.* At some point[2]

---

[1] Petitioner requested additional time to file an opposition, and the Court granted him, in total, an approximately three-and-a-half-month extension. (ECF Nos. 8, 9). Nevertheless, as of the date of this Opinion, Petitioner has not filed an opposition.

[2] Respondents contend that they had difficulty acquiring the full state court record in light of the age of Petitioner's case. The Court will take judicial notice of the more precise dates available in the relevant state court decisions.

thereafter, Petitioner filed a petition for certification to the Supreme Court of New Jersey, and that court denied certification on January 25, 1995. *Id*. Petitioner did not seek certiorari from the United States Supreme Court. (ECF No. 1, at 3).

Petitioner then filed his first petition for post-conviction relief ("PCR") with the New Jersey Superior Court, on October 28, 1996, and that court denied relief on November 7, 1997. On January 5, 1998, Petitioner filed a PCR appeal, and the Appellate Division affirmed on June 29, 1999. In that decision, the Appellate Division acknowledged Petitioner's argument that the PCR court failed to address several points, but the Appellate Division did not have an adequate record to address those points on the merits. Consequently, the Appellate Division provided Petitioner with an opportunity to present such issues "without prejudice and within a reasonable time." *Wolfe*, 2017 WL 745770, at *2.

On July 28, 2003, Petitioner filed a second PCR petition, which referenced the decision to allow him to submit additional issues without prejudice. *Id*. Thereafter, on January 9, 2004, the PCR court denied Petitioner's second PCR petition. *Id*. Petitioner does not allege that he appealed this decision, and it appears that he did not file any such appeal.

Several years later, on July 16, 2012, Petitioner, through counsel, moved for reconsideration and reduction of sentence as well as another PCR application. On January 22, 2015, the PCR court denied the motion and third PCR petition. Petitioner appealed at some point thereafter, and the Appellate Division affirmed the denial of post-conviction relief on February 27, 2017. *Id*. at *1. Petitioner filed a petition for certification with the New Jersey Supreme Court at some point afterwards, and that court denied certification on November 14, 2017. *State v. Wolfe*, 231 N.J. 154 (2017).

Petitioner filed the instant Petition on October 15, 2018,[3] raising, among other things, various evidentiary challenges, ineffective assistance of counsel claims, and other challenges under the Sixth Amendment.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

As mentioned above, Respondents contend that the instant Petition is untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal

---

[3] Pursuant to the prison mailbox rule, the Court will accept the date on the Petition as the filing date, rather than the date that the Court actually received the Petition.

judgment becomes "final."[4] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

The filing of a post-conviction relief petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

---

[4] The statute states in full, that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

As discussed above, Petitioner completed his direct appeals on January 25, 1995, and his judgment became final on April 25, 1995, after the time to seek certiorari from the Supreme Court had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari).

As Petitioner's route of direct appeal ended before the effective date of the AEDPA on April 24, 1996, Petitioner had one year from that date to file a timely habeas petition under § 2244(d), unless statutory or equitable tolling tolled the limitations period. *See Miller v. Dragovich*, 311 F.3d 574, 576 (3d Cir. 2002); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (holding in cases in which a prisoner's conviction had become final before April 24, 1996, there would be a one-year grace period following the effective date of the AEDPA in which to file a petition for habeas corpus relief).

Petitioner's time ran from the effective date of the AEDPA until he filed his first PCR petition with the PCR court on October 28, 1996, resulting in 187 days of un-tolled time. On November 7, 1997, the PCR court denied relief, and Petitioner filed an appeal with the Appellate Division on January 5, 1998, which, accounting for the 45 days that he had to appeal, resulted in 14 days of un-tolled time.[5] On June 29, 1999, the Appellate Division affirmed the denial of post-conviction relief.

The Appellate Division then granted Petitioner leave to file another PCR petition on certain issues "within a reasonable time," but he did not file his second PCR petition until July 28, 2003. *Wolfe*, 2017 WL 745770, at *2. Although this Court, like the Appellate Division, doubts whether

---

[5] N.J. Ct. R. 2:4-1(a).

that over four-year gap constituted "within a reasonable time," *see id*., the PCR court accepted the petition and denied it on the merits on January 9, 2004.[6]

Petitioner did not file any other appeals or petitions until his third PCR petition on July 16, 2012. Accounting for the 45 days that Petitioner had to file an appeal, this period resulted in 3,066 days of un-tolled time. During that time, the limitations period had already expired, and Petitioner's third PCR petition had no effect on the limitations period. *See, e.g.*, *Campbell v. New Jersey*, No. 16-3086, 2017 WL 5593778, at *3 (D.N.J. Nov. 21, 2017) ("A timely PCR petition filed during the one year period will suspend its running; it will not, however, revive a one year period that has already expired.").

Although the third PCR petition and related appeals did not toll the limitations period, the Court observes that the New Jersey Supreme Court ultimately denied certification on November 14, 2017, but Petitioner did not file the instant § 2254 Petition until October 15, 2018,[7] which would have resulted in at least another 335 days of un-tolled time. Taken together, the total amount of un-tolled time between when Petitioner's judgment became final and when he filed the instant

---

[6] Respondents have raised the possibility that this time period tolled the statute of limitations but offer only "[their] opinion" that it does not toll the statute of limitations. (ECF No. 7, at 8). Since Respondents have not adequately briefed the issue, and because Petitioner has otherwise vastly exceeded the AEDPA limitations period, the Court makes no determination as to whether this time affects the limitations period.

That said, the only tolling during this time period would likely have been from the filing date of the second PCR petition until the PCR court denied that petition on the merits. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly *filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added)).

[7] As mentioned above, due to the prisoner mailbox rule, the Court will accept the date on the Petition as the filing date, rather than the date that the Court actually received the Petition. Accordingly, the Court rejects Respondents' calculations, to the extent that they rely on the latter of those two dates.

6

Petition, is at least 3,602 days. Accordingly, the AEDPA's one-year statute of limitations bars his Petition.

If, however, a petitioner can demonstrate extraordinary circumstances to warrant "equitable tolling," then a court may relax the one-year limitations period. *Jenkins*, 705 F.3d at 84–85. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether" a given case warrants equitable tolling. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399).

For equitable tolling to apply, the Third Circuit requires a showing of reasonable diligence:

> [t]his obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well. . . . The fact that a petitioner is proceeding pro se does not insulate him from the reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.

*Ross*, 712 F.3d at 799-800 (internal quotation marks omitted) (citations omitted). A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

In the instant case, Petitioner summarily concludes in his Petition that he is entitled to statutory and equitable tolling, as well as the actual innocence exception, but offers no analysis or

specific facts. For example, he alleges that he is entitled to tolling "based on judicial inducement . . . by the Appellate Division," but fails to explain how or when the Appellate Division allegedly misled him. (ECF No. 1, at 14).

Similarly, while newly discovered evidence may restart the AEDPA limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Petitioner fails to identify the new evidence or when he discovered such evidence. *See* 28 U.S.C. § 2244(d)(1)(D); *Gottlieb v. Johnson*, No. 16-4213, 2018 WL 624102, at *18 (D.N.J. Jan. 30, 2018). Generously construing the Petition, Petitioner may be referring to an alleged conflict of interest regarding one of his trial lawyers as "newly discovered," but fails to state when he discovered[8] the alleged conflict.

Likewise, Petitioner mentions the actual innocence exception, but fails to state how or why he is actually innocent. More critically, the actual innocence exception requires "*new* reliable evidence" that was "not presented at trial," and that "it is more likely than not that no reasonable juror would have convicted him in light of the evidence." *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004) (emphasis added) (holding that evidence "is not 'new' [if] it was available at trial"). Petitioner identifies no such evidence.

Petitioner's remaining arguments suffer from a similarly fatal lack of specificity. In his Petition, perhaps cognizant of these shortcomings, Petitioner requested "an opportunity to address" these issues but did not oppose Respondents' motion to dismiss. (ECF No. 1, at 14). Indeed, Petitioner requested an extension of time to file an opposition, and the Court granted him, in total, over three months of additional time to file his opposition. Nevertheless, as of the date of this

---

[8] In any event, Petitioner appears to have been aware of the alleged conflict of interest and raised the issue in his January 5, 1998, PCR appeal. *Wolfe*, 2017 WL 745770, at *2. Consequently, even if the evidence were sufficient to reset the limitations period, it would not have excused the over 3,000 days of un-tolled time thereafter.

Opinion, Petitioner has not filed an opposition and has not requested any further extensions from this Court.

Further, a review of the factual allegations in the Petition offer no explanation for the vast amounts of un-tolled time at issue in this case. Accordingly, the Court will grant Respondents' motion and dismiss the Petition with prejudice as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that the Petition is untimely under the AEDPA. Accordingly, the Court will not issue a certificate of appealability.

### V. CONCLUSION

For the foregoing reasons, the Court will grant Respondents' motion to dismiss, dismiss the Petition with prejudice, and will not issue a certificate of appealability. An appropriate Order follows.

Dated: November  14 , 2019                    s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge